## George H. Russell, Appellee, v. Orin Rutledge, Appellant.

VERDICTS—*when not disturbed.* A verdict will not be set aside on review if substantial justice has been done.

Action commenced before justice of the peace. Appeal from the County Court of McDonough county; the Hon. WILLIAM J. FRANKLIN, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed October 18, 1910.

ELTING & HAINLINE and DON P. PENNYWITT, for appellant.

H. M. TABLER, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

The plaintiff brought suit against the defendant before a justice of the peace to recover two-thirds of the cost of a brick sidewalk constructed in front of the defendant's premises in the city of Macomb, and recovered a judgment against the defendant for $13.60, from which judgment the defendant appealed to the County Court of McDonough county, where a trial by jury resulted in a verdict and judgment against him for the like amount, to reverse which judgment he prosecutes his further appeal to this court.

The uncontroverted competent evidence in the rec-

ord discloses that on April 18, 1907, the defendant, who is deaf and dumb, together with other property owners in the city of Macomb, petitioned the mayor and city council of said city, in writing, for the construction of a four foot permanent brick walk commencing on Albert street and running east to Johnson street on the north side of Piper street, one-third of the cost of said walk to be paid by the city and two-thirds by the property owners; that in July following the plaintiff constructed such a walk in front of the defendant's premises; that the defendant was present during the time said walk was being constructed by the plaintiff and indicated to the plaintiff where he desired to have the crossing put in; that after the completion of the work the plaintiff exhibited to the defendant a bill for $13.60, being two-thirds of the cost of said walk, and the defendant nodded his head in approval; that on September 30, 1908, in response to a written request from an attorney employed by the plaintiff to collect said bill, the defendant wrote in substance that he would pay for the sidewalk if he could collect some rent due him from one Diamond; and that subsequently upon an occasion when said attorney met the defendant on the street and inquired of him in writing whether he could pay for said sidewalk then, the defendant replied in writing, "I think that I can pay it next week." We think this evidence was sufficient to warrant the jury in finding that the defendant was liable to the plaintiff, if not upon an express contract, at least upon an implied contract to pay two-thirds of the cost of the sidewalk. The defendant has received the benefit of the labor performed and material furnished by the plaintiff and under the evidence in the record equity and good conscience requires that the defendant shall pay the plaintiff therefor. The record is by no means free from error but as the judgment manifestly stands for substantial justice between the parties and no other verdict and judgment could

with propriety be returned and entered in the case we are not disposed to reverse the present judgment for the mere purpose of enabling the parties to make a faultless record.

There is no reversible error in the record and the judgment of the County Court will be affirmed.

*Affirmed.*